[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-13996 & 05-16993
Non-Argument Calendar

_____

BIA No. A79-091-705

OLDNICK ADRIEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 6, 2006)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Oldnick Adrien, a native and citizen of Haiti,

petitions this Court for review of the Board of Immigration Appeals' ("BIA's") affirmation of (1) the immigration judge's ("IJ's") denial of his claim for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), and (2) the BIA's denial of his motion to reopen based his application for adjustment of status filed after he married a United States citizen. In his first petition, Adrien argues that the IJ and the BIA erred by finding his testimony not credible. In his second petition, Adrien argues that the BIA erred in denying his motion to reopen because his recent marriage to a United States citizen permits him to apply for adjustment of status while in removal proceedings.

## I.

In his first petition, Adrien argues that the IJ's adverse credibility finding was not supported by substantial evidence and his testimony as a whole demonstrated that he was subject to persecution and threats to his life, and the incidents were directly related to his arrest of a Lavalas senator's cousin.

We review the decision of the BIA, except to the extent that it adopts the IJ's. Nreka v. U.S. Att'y. Gen.,408 F.3d 1361, 1368 (11th Cir. 2005) (citation omitted). Because the BIA in this case adopted the IJ's decision, and made some

2

additional observations, we review both. Id. The factual determination that an alien is not entitled to asylum is reviewed under the substantial evidence test, and must be upheld if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id (internal quotations and citation omitted).

"Credibility determinations likewise are reviewed under the substantial evidence test." D-Muhumed v. U. S. Att'y. Gen., 388 F.3d 814, 818 (11th Cir. 2004) (citation omitted). We may not substitute our judgment for that of the IJ with respect to credibility findings. Id. (citation omitted). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue v. U.S. Att'y. Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citation omitted). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Id. (internal quotations and citations omitted). If the only evidence presented is the applicant's testimony, an adverse credibility finding alone is sufficient to support the denial of an asylum application. Id. However, an adverse credibility finding does not alleviate the IJ's duty to consider other evidence produced by the applicant. Id. For a credibility finding to be dispositive of the appeal, the IJ must make "clean determinations of credibility." Yang v. U.S. Att'y. Gen., 418 F.3d 1198, 1201

(11th Cir. 2005) (internal quotations and citation omitted).

Although minor inconsistencies will not support an adverse credibility finding, inconsistencies that go "to the heart of [the] asylum claim" are sufficient to support such a finding. See e.g., Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001) (internal quotations and citation omitted); see also Nreka, 408 F.3d at 1369 (holding that IJ's concerns about the credibility of the applicant on "key elements of the claim" and the applicant's failure to rebut these with sufficient corroborating evidence and explanation supported finding that applicant did not qualify for asylum) (citations omitted).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. §1158(a)(1). The Secretary of the Department of Homeland Security ("DHS") or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA §208(b)(1), 8 U.S.C. §1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality . . . , and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, nationality, membership in a particular social group, or **political opinion** . . .

INA §101(a)(42)(A), 8 U.S.C. §1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. §208.13(a); Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish

asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(b); Najjar, 257 F.3d at 1287.

An alien seeking withholding of removal under the INA must show that his life or freedom would "more likely than not" be threatened upon return to his country because of, among other things, his political opinion. Sanchez v. U.S. Att'y. Gen., 392 F.3d 434, 437 (11th Cir. 2004) (internal quotations and citation omitted); see also INA §241(b)(3), 8 U.S.C. § 1231(b)(3). An alien bears the burden of demonstrating that "he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Sanchez, 392 F.3d at 437 (internal quotations and citation omitted). This standard is more stringent than the "well-founded fear" standard for asylum; thus, if an applicant is unable to meet the "well-founded fear" standard for asylum, he generally is unable to qualify for withholding of removal. See e.g., Najjar, 257 F.3d at 1292-93.

To obtain withholding of removal under the CAT, the burden is on the applicant to establish that it is "more-likely-than-not" he will be tortured in the country of removal. 8 C.F.R. §208.16(c)(2).

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from

5

him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. §208.18(a)(1). To constitute torture, an act "must be specifically intended to inflict severe physical or mental pain or suffering[.]" 8 C.F.R. §208.18(a)(5). Generally, when an applicant fails to establish eligibility for asylum, he likewise fails to establish eligibility for CAT relief. Nreka, 408 F.3d at 1369 (citation omitted).

The IJ's finding that Adrien's testimony lacked credibility was supported by substantial evidence. Most important, the IJ correctly noted that Adrien gave multiple accounts of the beating that formed the basis of his asylum application, and evidence contradicted Adrien's claim that the beating was motivated by the attackers' desire to keep negative information from affecting upcoming elections. These inconsistencies were material to Adrien's asylum claim and he failed to give sufficient explanations for the inconsistencies. Furthermore, Adrien failed to show that any mistreatment was based upon his political opinion. Because Adrien has failed to establish a claim of asylum on the merits, he also fails to establish eligibility for withholding of removal under the INA or CAT relief.

6

Adrien argues that the new medical evidence submitted to the BIA in his motion to reopen undermines the IJ's credibility finding, and serves to explain any inconsistencies and shortcomings in his testimony. In denying the motion to reopen, the BIA held:

> The new diagnosis describes the respondent as having an inability to recall certain events or episodes in his life We note that the respondent has a university degree in Economics and was a police officer, presumably adept at recording facts and sequences of events, for almost four years and there is no evidence, other than his assertion, that his memory problems existed at the time of his hearing before the Immigration Judge in 2003 There is also nothing in the diagnosis that indicates when he does remember events, he recalls specific but faulty or incorrect facts. For instance, his diagnosis states that "there is no evidence of confabulation" or a tendency to fill in gaps in one's memory with fabrications that one believes to be true facts (Exh. I at 4). Therefore, while his diagnosis may help explain a lack of detail or total failure to recall events, it would not explain wholly inconsistent and varying versions of events. For example, the respondent previously claimed that he was attacked in November 2000, by people who were angry because they believed he had been collecting money from the International Republic Institution in an effort to support the police union, but he later testified that he was attacked by a man named "Black" and some other thugs because he had arrested the cousin of a political leader and the political leader wanted to insure the respondent did not attempt to embarrass the leader prior to the upcoming political election (Exhs. 2, 6; Tr. 30-31). Moreover, the respondent first stated that he voluntarily resigned from the Haitian police force when it was later revealed that he was the subject of an administrative investigation and his weapon and badge were confiscated (Exh. 6). Even assuming his diagnosis could explain this lack of credibility, the respondent told his doctor that he had a long-standing memory problem, which he stated began to worsen in approximately May 2005 (Exh. 1 at 1). If the respondent were' aware of long-standing memory problems, he has not explained why this information would have been unavailable or could not have been

7

presented to the Immigration Judge at his individual hearing. As such, the respondent's motion fails to present new or previously unavailable evidence that would warrant reopening and his motion to reopen is denied.

BIA decision, November 18, 2005 (citation omitted). Our review of the record does not persuade us that the record including the new evidence compels a different determination with respect to the credibility issue.

**II.**

Adrien also argues that he should have been allowed to adjust his status, despite the fact that he was an alien in removal proceedings, because the regulation preventing him from doing so, 8 C.F.R. §1245.1(c)(8), contradicts the Congressional intent to allow him to do so, as manifested in INA §245(a), 8 U.S.C. §1255(a).

"This Court reviews the BIA's denial of [a petitioner's] motion to reopen his deportation order for abuse of discretion. In this particular area, the BIA's discretion is quite broad." Gbaya v. U.S. Att'y. Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). Pursuant to regulation, "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, [and] . . . [t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. §1003.2(a). We have held:

8

> At a minimum, there are at least three independent grounds upon which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Najjar, 257 F.3d at 1302 (citations omitted).

In considering the part of Adrien's motion based upon his application for adjustment of status, the BIA denied the motion on two grounds: (1) he was statutorily barred from adjusting his inadmissible status under INA §212(a)(6)(C)(ii), 8 U.S.C. §1182(a)(6)(C)(ii) because he had falsely represented that he was a United States citizen; and (2) he was unable to establish prima facie eligibility for adjustment of status because, as an alien in removal proceedings, 8 C.F.R. §1245.1(c)(8) barred him from applying for adjustment of status.

In his brief on appeal, Adrien challenges only the second of the two grounds relied upon by the BIA in denying the motion to reopen. Because Adrien has failed to challenge the first ground – a separate and independent ground relied upon by the BIA – he has abandoned any such challenge to that ground. Accordingly, the BIA's denial of Adrien's motion to reopen is due to be affirmed on that unchallenged ground.[1]

---

[1] For this reason, and also because our decision can and does not rest entirely on the other separate and independent ground – which itself is valid – we need not, and do not, address the effect on Adrien's eligibility for adjustment of status because of the fact that he was

Alternatively, we readily conclude that the unchallenged ground upon which the BIA relied was indeed a valid reason for the BIA to deny Adrien's motion to reopen. Adrien was statutorily barred from adjustment of status because he falsely represented himself as a United States citizen. INA §212(a)(6)(C)(ii), 8 U.S.C. §1182(a)(6)(C)(ii) provides:

(I) In general

Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law is inadmissible.

(II) Exception

In the case of an alien making a representation described in subclause (I), if each natural parent of the alien (or, in the case of an adopted alien, each adoptive parent of the alien) is or was a citizen (whether by birth or naturalization), the alien permanently resided in the United States prior to attaining the age of 16, and the alien reasonably believed at the time of making such representation that he or she was a citizen, the alien shall not be considered to be inadmissible under any provision of this subsection based on such representation.

INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii).

Here, the BIA did not abuse its discretion when it found that Adrien was statutorily barred from adjustment of status because no waiver to his

_____

an alien in removal proceedings. But see Scheerer v. Attorney General, 445 F.3d 311 (11th Cir. 2006).

10

inadmissibility existed. Adrien admitted removeability pursuant to INA §212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii) for falsely representing himself as a United States citizen. Unlike aliens deemed inadmissible under subsections (a)(4), (5), (6)(C)(i), and (7)(A), no waiver exists for aliens deemed inadmissible under INA §212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii). <u>See</u> INA §§209(c) and 212(a)(6)(C)(iii) and (i), 8 U.S.C. §§1159(c) and 1182(a)(6)(C)(iii) and (i). Accordingly, in order to be excepted from inadmissibility, he would have had to prove that: (1) each of his parents was a United States citizen; (2) he permanently resided in the United States prior to attaining the age of 16; and (3) he reasonably believed at the time of making his false representation that he was a United States citizen. <u>See</u> INA §212(a)(6)(C)(ii)(II), 8 U.S.C. §1182(a)(6)(C)(ii)(II). This exception under subsection (a)(6)(C)(ii)(II) was not applicable to Adrien, and he was statutorily barred from adjusting his status.

**PETITIONS DENIED.**[2]

---

[2] Adrien's request for oral argument is denied.